**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal No.: 4:02–cr-148 |
| | ) | |
| vs. | ) | |
| | ) | |
| Willie James, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

  This matter is before the Court on the defendant's motion to amend or correct judgment.

  On January 30, 2002, the Grand Jury charged the defendant with two counts of possession with intent to distribute and distribution of 5 grams or more of cocaine. The defendant pled guilty to Count One of the indictment. On September 5, 2002, the Court sentenced the defendant to 188 months in prison followed by 5 years supervised release.

  On August 4, 2003, the defendant filed a pro se motion attacking his sentence. The defendant claimed that he received ineffective assistance of counsel at sentencing. According to the defendant, his counsel was ineffective because: (1) counsel did not challenge the two point criminal history enhancement to his sentence, (2) counsel did not request a safety valve reduction, (3) counsel did not challenge the government's use of the contradictory provisions in the defendant's plea agreement, (4) counsel did not object to the government's failure to provide the defendant proper notice that prior convictions may be used against him in violation of 21 U.S.C. § 851, and (5) counsel did not appeal these sentencing errors as the defendant instructed him to do so.

The defendant was successful on his claim of ineffective assistance of counsel for failure to file a notice of appeal after being instructed to do so. Therefore, on January 21, 2005, the Court vacated the defendant's sentence so that the defendant would have an opportunity to file an appeal. The Court dismissed the defendant's remaining claims. On February 1, 2005, an amended judgment imposing the same sentence was entered. On February 4, 2005, and on February 7, 2005, the defendant gave notice of appeal. On July 3, 2006, the Fourth Circuit Court of Appeals affirmed the defendant's sentence.

On July 28, 2006, the defendant filed a motion to amend or correct his sentence. The defendant claims that his counsel was ineffective for failing to object to the drug amount. The defendant asks to be resentenced for possession of 28 grams of crack cocaine. Only 28 U.S.C. §2555 authorizes a district court to grant the relief that the defendant seeks in his July 28, 2006 motion. The defendant does not specify whether his motion is made pursuant to 28 U.S.C. §2555. Accordingly, the Court hereby advises the defendant of its intent to treat the motion as one pursuant to §2255. *See* United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002) (requiring notice to a defendant before a district court, *sua sponte*, converts a motion to one under §2255).

The defendant is directed to take notice of the restrictions on successive or second motions as set forth in §2244(a) and §2255. A defendant must be careful to include all grounds for relief in an initial §2255 motion because the ability to raise other grounds later have been limited by the following provisions:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior

application for a writ of habeas corpus, except as provided in section 2255.

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–

> **(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

> **(2)** a new constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §2255.

The Court therefore orders the defendant to respond to the Court's proposed recharacterization within 30 days from the date of the filing of this order. Failure to respond within the allotted time will result in the original motion being recharacterized as a §2255 motion.

**AND IT IS SO ORDERED**.

_C. Weston Houck_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

August 7, 2008
Charleston, South Carolina